UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| EVA BROWN | CIVIL ACTION |
| VERSUS | NO. 24-923 |
| PAC HOUSING GROUP, LLC, *et al.* | SECTION M (4) |

## ORDER & REASONS

Before the Court is a motion to strike plaintiff's third amended complaint filed by defendants PAC Housing Group, LLC, MOF-Preservation of Affordability Corp. ("MOF-Preservation"), MOF-Willows, LLC ("MOF-Willows), Ministry Outreach Foundation, and Dr. Richard Hamlet (collectively, "Defendants").[1] Plaintiff Eva Brown, individually and on behalf of the estate of her minor child, S.A.S., responds in opposition,[2] and Defendants reply in further support of their motion.[3] Also before the Court is Brown's motion for leave to file the third amended complaint[4] and Defendants' opposition to same.[5] Having considered the parties' memoranda, the record, and the applicable law, the Court issues this Order & Reasons granting in part and denying in part both motions.

I.      **BACKGROUND**

This matter concerns wrongful death and survival claims brought by Brown, the surviving mother of S.A.S.  Brown alleges that her son was shot and killed while on the premises of an apartment complex owned, managed, and operated by Defendants.[6]  She filed suit against the

---

[1] R. Doc. 17.
[2] R. Doc. 19.
[3] R. Doc. 21.
[4] R. Doc. 18.
[5] R. Doc. 22.
[6] R. Doc. 1-1.

apartment complex, its owners and managers, and other relevant entities in state court on January 31, 2024, and then amended the complaint twice – once on March 7, 2024, to substitute defendants MOF-Willows and MOF-Preservation for defendant Willows Apartments Partnership, Ltd.,[7] and again on March 20, 2024, to bring claims on behalf of the estate of S.A.S.[8]

MOF-Preservation and MOF-Willows subsequently removed the matter to this Court alleging that the Court has diversity subject-matter jurisdiction over the case,[9] and on April 26, 2024, Defendants filed a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[10] Brown responded to that motion by filing a third amended complaint,[11] which appeared to become the operative complaint, thereby mooting the motion to dismiss.[12] However, Brown did not seek leave of court to file the third amended complaint,[13] so on June 28, 2024, Defendants filed their motion to strike the amended complaint.[14] In response, Brown filed an opposition[15] along with a motion for leave to file the third amended complaint.[16] The Court will address the briefing on the motion to strike together with the briefing on the motion for leave.[17]

**II.   PENDING MOTION**

In the motion to strike, Defendants argue that Brown was required to seek leave of court before filing the amended complaint because it adds a new, nondiverse defendant – Candren Lemieux – and that the complaint should therefore be stricken in its entirety pursuant to 28 U.S.C.

---

[7] R. Doc. 1-2.
[8] R. Doc. 1-4.
[9] R. Doc. 1.
[10] R. Doc. 8.
[11] R. Doc. 11.
[12] R. Doc. 14.
[13] *See* R. Doc. 11.
[14] R. Doc. 17.
[15] R. Doc. 19.
[16] R. Doc. 18.
[17] *See Shargian v. Shargian*, 591 F. Supp. 3d 100, 107 (E.D. La. 2022) (stating that although plaintiff failed to seek leave of court before filing the amended complaint, it would construe plaintiff's amended complaint as a motion for leave to file an amended complaint because the amended complaint was already filed and both parties had briefed the relevant issues).

§ 1447(e).[18]  That section states that, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."[19]  Alternatively, Defendants ask the Court to strike only the parts of the amended complaint that add Lemieux as a defendant since his joinder would destroy the Court's jurisdiction, citing in support of their argument the *Hensgens* factors, including: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in seeking amendment; (3) whether the plaintiff would be significantly injured if the amendment were not allowed; and (4) any other factors bearing on the equities.[20]  Regarding the first factor, Defendants argue that the timing of Lemieux's joinder supports a finding that the purpose of the proposed amendment is to destroy diversity jurisdiction.[21]  Indeed, they contend that because Brown added Lemieux shortly after removal, and no discovery has occurred, Brown "clearly had such information available when [she] filed the initial lawsuit, or at the very least, … the information was readily available to" Brown before she filed suit.[22]  As to the second factor, Defendants argue that Brown waited over three months after filing the initial complaint to seek joinder of Lemieux and has not offered any reason for the delay.[23]  Next, regarding the third factor, Defendants argue that "Plaintiff will not be *significantly* injured if joinder of Mr. Lemieux is denied" because she has alleged that "Lemieux was 'acting within the scope of his authority or employment'" and Lemieux's employer is already named in this suit.[24]  In other words, Defendants contend that Lemieux's employer may be held

---

[18] R. Doc. 17-2 at 3-4.
[19] *Id.* (citing 28 U.S.C. § 1447(e)).
[20] *Id.* at 3, 4-6 (citing *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987)).
[21] *Id.* at 6-7.
[22] *Id.* at 7.
[23] *Id.*
[24] *Id.* at 8-9 (emphasis in original; alteration omitted) (quoting R. Doc. 11 at 15).

3

vicariously liable for his acts, so his presence in this matter is not necessary.[25]  And even if Lemieux and his employer were deemed joint tortfeasors, say Defendants, Lemieux is not an indispensable party under Rule 19.[26]  Lastly, with respect to the fourth factor, Defendants argue that they "will be substantially prejudiced if Mr. Lemieux is joined as a defendant, because [they] have a compelling interest in retaining this federal forum."[27]

      In opposition, Brown contends that she was not required to seek leave of court before filing the amended complaint because she had a "right to amend as a matter of course" under Rule 15(a)(1), as Defendants had filed only a motion to dismiss and not an answer.[28]  Brown then argues that the *Hensgens* factors weigh in favor of permitting Lemieux's joinder.  As to the first factor, Brown states that Lemieux was added "not … to defeat federal jurisdiction but to address Defendants' motion to dismiss and to include a key individual, Mr. Lemieux, who was directly involved in the alleged wrongdoing."[29]  With respect to the second factor, Brown argues that she was not dilatory in seeking the amendment but rather promptly filed the amended complaint in response to the motion to dismiss.[30]  Brown then contends, regarding the third factor, that her "case would be significantly injured if the amendment is not allowed" because Lemieux "is the only individual Defendant directly involved in the management and operations of the property and his failure to report and/or failure to adequately report security concerns and risk to his employer" are essential to her claims.[31]  Lastly, Brown argues that denying the amendment would force her to pursue parallel litigation in state court and that she "would not be able to pursue an action against

---

[25] *Id.* at 8.
[26] *Id.*
[27] *Id.* at 9-10.
[28] R. Doc. 19 at 2.
[29] *Id.* at 3.
[30] *Id.*
[31] *Id.* at 3-4.

4

Mr. Lemieux due to his intimate involvement in the alleged wrongdoing at issue, as described in the Amended Complaint."[32]

In reply, Defendants first note that Brown has incorrectly cited a prior version of Rule 15 and that the rule was amended in 2009 to establish timelines for a party to amend its pleading as a matter of course, regardless of whether a defendant filed an answer or a motion to dismiss.[33] Nonetheless, say Defendants, cases from other sections of this court make clear that 28 U.S.C. § 1447(e) requires a party to seek leave of court to file an amended complaint that adds a new, nondiverse defendant after the matter is removed.[34] Defendants then address the *Hensgens* factors again. They argue, with respect to the first factor, that despite Brown's assertion that Lemieux must be joined because Defendants cannot be held liable for Lemieux's actions if his actions deviated from his employment duties, the third amended complaint does not assert that Lemieux acted outside his authority or employment.[35] Defendants also note that although Brown insists Lemieux was added to address the motion to dismiss, the motion to dismiss "contains no argument that the complaint failed to state a cause of action because the complaint failed to include Mr. Lemieux as a defendant."[36] As to the second factor, Defendants argue that Brown fails to offer any reason for her delay in attempting to join Lemieux beyond Brown's insistence that he was added in response to the motion to dismiss.[37] Regarding the third and fourth factors, Defendants argue that, since Lemieux's employer is already named in the action, Brown will not be significantly injured if Lemieux is not joined and that Brown fails to show otherwise.[38]

---

[32] *Id.* at 4.
[33] R. Doc. 21 at 1.
[34] *Id.* at 1-2 (citing *Ward v. Raiser, LLC*, 2024 WL 1435150, at *2 (E.D. La. Apr. 3, 2024); *Walker v. Progressive Cnty. Mut. Ins. Co.*, 2014 WL 12925061, at *6 (E.D. La. Oct. 20, 2014); and *Shargian*)
[35] *Id.* at 3.
[36] *Id.*
[37] *Id.*
[38] *Id.* at 3-4.

In the motion for leave to file the amended complaint, Brown largely repeats the same arguments raised in her opposition to Defendants' motion to strike – namely, that she had a right to amend her complaint as a matter of course and that the *Hensgens* factors weigh in favor of Lemieux's joinder.[39] However, with respect to the first *Hensgens* factor, Brown also states that she "seek[s] to add the currently unknown management company [which she refers to as ABC Property Management Company] as a Defendant," although she does not currently know the entity's citizenship, so she can " investigate its role in S.A.S.'s wrongful death."[40] As to the second factor, Brown reiterates that she was not dilatory in seeking the amendment and also argues that Defendants' motion to dismiss and the instant motion to strike have delayed the course of the litigation and discovery, hindering her ability to investigate "the proper Defendants in this matter and flesh out Mr. Lemieux's role in the death of S.A.S., as well as ABC Property Management Company's specific identity, as well as its role in the death of S.A.S."[41] Brown also contends, with respect to the third factor, that her ability to seek full relief would be compromised if she were not allowed to amend the complaint to add the unknown management company.[42]

In opposition to the motion for leave, Defendants raise many of the same arguments raised in their motion to strike and their reply in support of that motion, including that the *Hensgens* factors weigh against allowing Lemieux's joinder.[43] Defendants do not address Brown's expressed desire to add ABC Property Management Company, whose existence and citizenship is unknown.

---

[39] R. Doc. 18-2.
[40] *Id.* at 4.
[41] *Id.* at 5.
[42] *Id.*
[43] R. Doc. 22 at 3-9.

6

### III. LAW & ANALYSIS

#### A. Standard for Post-Removal Joinder of Nondiverse Defendants

Rule 15(a) provides that "[a] party may amend its pleading once as a matter of course no later than: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a). Brown filed her third amended complaint within 21 days of the Defendants filing their motion to dismiss, so the amendment was timely and would otherwise be permitted under the rule. However, 28 U.S.C. § 1447(e) states that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." In other words, when a party seeks to amend its complaint to add a nondiverse party after the matter has been removed, the court "must apply a higher level of scrutiny than required under Fed. R. Civ. P. 15(a)." *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 185 (5th Cir. 2018); *see Moore v. Manns*, 732 F.3d 454, 456 (5th Cir. 2013) ("The district court should scrutinize an amended pleading naming a new nondiverse defendant in a removed case 'more closely than an ordinary amendment.'") (quoting *Hensgens*, 833 F.2d at 1182); *Dillard v. Albertson's, Inc.*, 226 F.3d 642, 2000 WL 1029031, at *1 (5th Cir. July 7, 2000) ("28 U.S.C. § 1447(e) specifically confers on the district court the responsibility to scrutinize attempted joinder of non-diverse parties in cases previously removed to federal court."). Courts may therefore strike an amended complaint filed without leave of court that attempts to join a nondiverse party. *See Allen*, 907 F.3d at 183-84 (affirming the district court's decision to strike plaintiff's amended complaint that was filed without leave of court and added nondiverse defendants); *Shargian*, 591 F. Supp. 3d at 107 ("[P]laintiff was required to seek leave of court

7

before filing his amended complaint that purported to add six non-diverse defendants. Plaintiff's failure to do so means that his amended complaint was improperly filed and may be stricken from the record."); *Donahue v. Republic Nat'l Distrib. Co.*, 2018 WL 3655582, at *2 (E.D. La. Aug. 2, 2018) (striking in its entirety plaintiffs' amended complaint that was filed without leave of court and that added a nondiverse party).

Here, Brown was required to seek leave of court before filing the third amended complaint but failed to do so. Nonetheless, because Brown subsequently filed a motion for leave, and the parties have briefed the relevant issues concerning joinder of the nondiverse defendant, the Court will not strike the complaint in its entirety based solely on Brown's initial failure to seek leave of court.[44] Instead, the Court will determine whether to permit Lemieux's joinder upon consideration of the relevant factors.

### B. The *Hensgens* Factors

In scrutinizing a proposed post-removal joinder of a nondiverse party, courts must consider the *Hensgens* factors, including: "[1] the extent to which the purpose of the amendment is to defeat federal jurisdiction, [2] whether plaintiff has been dilatory in asking for amendment, [3] whether plaintiff will be significantly injured if amendment is not allowed, and [4] any other factors bearing on the equities.'" *Feuerbacher v. Wells Fargo Bank Nat'l Ass'n*, 701 F. App'x 297, 301 (5th Cir. 2017) (alterations in original) (quoting *Hensgens*, 833 F.2d at 1182). "The district court, with input from the defendant, should then balance the equities and decide whether amendment should be permitted."[45] *Hensgens*, 833 F.2d at 1182. "If [the court] permits the amendment of the

---

[44] *See supra* note 17.
[45] Brown asserts that under the improper joinder doctrine, "Defendants must show that there is *no possibility* that [Brown] can establish a claim against Mr. Lemieux, even after resolving all issues of fact and law in [her] favor." R. Doc. 19 at 4 (emphasis in original). But, as Defendants note, the Fifth Circuit has expressly held that "[t]he fraudulent joinder doctrine does not apply to joinders that occur *after* an action is removed." *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677 (5th Cir. 1999) (emphasis in original); *see* R. Doc. 21 at 4.

8

nondiverse defendant, it then must remand to the state court. If the amendment is not allowed, the federal court maintains jurisdiction." *Id.*

### 1. The extent to which the purpose of the amendment is to defeat federal jurisdiction.

At the outset, the Court agrees with Defendants that the timing of the third amended complaint adding Lemieux – which occurred just a month after removal – strongly suggests that the amendment was designed to defeat diversity. *See, e.g.*, *Ward*, 2024 WL 1435150, at *2 ("[W]hen a plaintiff seeks to add a non-diverse defendant shortly after removal, but before any additional discovery, this … suggests 'that the amendment is sought for the purpose of defeating jurisdiction.'" (quoting *Shargian*, 591 F. Supp. 3d at 108)). Nevertheless, "[w]ith regard to the first *Hensgens* factor, the case law [also] indicates that as long as the plaintiff states a valid claim against the new defendants, the principal purpose is not to destroy diversity jurisdiction.'" *McIntosh v. Costco Wholesale Corp.*, 2019 WL 3306532, at *2 (E.D. La. July 23, 2019) (alteration omitted) (quoting *Herzog v. Johns Manville Prods. Corp.*, 2002 WL 31556352, at *2 (E.D. La. Nov. 15, 2002)).

Here, Brown's proposed amendment states that Lemieux was employed as the property manager on the date of the incident and that he breached his duty of care by failing to adequately manage the property. "The circumstances under which a corporate officer or employee can be held individually liable for injuries to third persons under Louisiana law were explained in *Canter v. Koehring Co.*, 283 So. 2d 716 (La. 1973)." *Ford v. Elsbury*, 32 F.3d 931, 935-36 (5th Cir. 1994). The Louisiana supreme court "recognized that liability may be imposed on such individuals where the duty breached arises solely because of the employment relationship," *id.* at 936, if the following four criteria are met:

1. The employer owes a duty of care to the plaintiff and the breach of that duty caused plaintiff's injury;

9

2. The duty is delegated by the employer to the defendant employee;

3. The defendant employee has breached this duty through personal (as contrasted with technical or vicarious) fault, including the failure to remedy a risk the employee knew or should have known about; and

4. Personal liability cannot be imposed upon the employee simply because of his general administrative responsibility for performance of some function of employment; rather, he or she must have a personal responsibility creating a duty to the plaintiff that was not delegated to some other employee. If that responsibility was delegated to another employee, the defendant is not liable for its breach unless he or she knows or should know of its non-performance or mal-performance and still fails to remedy the risk of harm.

*See Canter*, 283 So. 2d at 721; *Ford*, 32 F.3d at 936. Thus, "'evidence of personal fault,' as opposed to a defendant-employee's 'general responsibilities to oversee safety' is 'required to trigger individual liability under Louisiana law.'" *McIntosh*, 2019 WL 3306532, at *3 (quoting *Moore*, 732 F.3d at 457).

Brown fails to state a valid claim against Lemieux. The third amended complaint states that Lemieux was responsible for certain "property management duties" and that Lemieux failed to, among other things, "report security concerns and risks to his employer," "implement safety and security protocols," "monitor security camera footage," "maintain proper records of prior criminal actions" on the premises, "investigate and respond to security threats," "adequately ensure the safety of guests and specifically the safety of S.A.S," "warn guests, including S.A.S., about the violence on the premises," and "post information or otherwise inform guests, including S.A.S., about all of the known prior violent crimes and murders on the Property."[46] The amendment also states certain legal conclusions, including that Lemieux "[c]reate[ed] an unreasonable risk of harm to guests and specifically to S.A.S.," "[c]aus[ed] S.A.S's wrongful and untimely death by having a known defect in the Property that allowed the unknown assailant to enter the Property," "[k]new, or in the exercise of reasonable care, should have known, of the ruin, vice, or defect in the Property

---

[46] R. Doc. 11 at 12-13.

and failed to correct or repair it," "[f]ailed to take action to prevent S.A.S's injuries and damages through the exercise of reasonable care," and "[f]ailed to exercise reasonable care."[47] These allegations relate only to Lemieux's performance of general administrative duties and therefore do not provide a basis for finding personal liability, suggesting to the Court that the purpose of the amendment is to defeat diversity jurisdiction. *See, e.g.*, *Moore*, 732 F.3d at 457 (affirming district court's denial of plaintiff's motion for leave to amend complaint to add additional employees as defendants because plaintiff's "proffered amendment relied on the proposed parties' general responsibilities to oversee safety rather than on evidence of personal fault, as required to trigger individual liability under Louisiana law," and "concur[ring] with the district court's conclusion that the amendment only served to defeat diversity jurisdiction"); *McIntosh*, 2019 WL 3306532, at *3 (denying plaintiff's motion to reconsider the magistrate judge's order denying plaintiff's motion to amend her complaint to add nondiverse defendants, concluding that plaintiff alleged "mere 'general administrative responsibility,' which is insufficient to support liability under *Canter*"). The mere rote mention of S.A.S.'s name in connection with the allegations concerning these general administrative duties does not transform them into personal responsibilities creating a duty to a specific third party. Thus, in view of the suspect timing of Brown's amendment and because she fails to state a valid claim against Lemieux, the first *Hensgens* factor weighs against permitting his joinder.

**2. Whether Brown has been dilatory in seeking the amendment.**

"With respect to the second *Hensgens* factor, 'when determining if a plaintiff was dilatory in seeking to amend, courts often look to the amount of time that has passed between the filing of the original complaint and the amendment and the amount of time between removal and the

---

[47] *Id.* at 13.

amendment.'" *Lawrence v. Hertz Corp.*, 2019 WL 5541378, at *7 (E.D. La. Oct. 28, 2019) (alteration omitted) (quoting *Tomlinson v. Allstate Indem. Co.*, 2006 WL 1331541, at *4 (E.D. La. May 12, 2006)). Brown attempts to join Lemieux three-and-a-half months after filing suit and over one month after the case was removed to this Court. Some courts have found plaintiffs dilatory in seeking to amend their complaints after the passage of this amount of time. *See, e.g.*, *Ellsworth, LeBlanc & Ellsworth, Inc. v. Strategic Outsourcing, Inc.*, 2003 WL 21783304, at *3 (E.D. La. July 30, 2003) (concluding that waiting more than two months after filing the petition and 30 days after removal was dilatory when plaintiff knew the proposed defendant's involvement from the outset); *Matthews v. Amtrust Grp. Ins.*, 2019 WL 13222315, at *3 (E.D. La. Jan. 28, 2019) ("[Plaintiff] filed the motion to amend more than three months after he filed his original petition in state court and one month after defendants removed this lawsuit. That is dilatory under *Ellsworth* and weighs against amendment.").

      Moreover, Brown fails to show, or even argue, that she discovered Lemieux's identity or his alleged role in the incident after filing suit. This is important, as courts often find that plaintiffs have not dilatorily sought to join nondiverse defendants when the amendment is the result of receiving discovery responses identifying such defendants. *Compare McIntosh v. Costco Wholesale Corp.*, 2019 WL 2373145, at *5 (E.D. La. June 5, 2019) ("[Plaintiff] avers that she did not learn the identity of these proposed defendants until Costco provided its discovery responses. [Plaintiff] then promptly filed the instant motion less than 30 days later, on May 20, 2019. In these circumstances, I conclude that plaintiff has not been dilatory in asking for this amendment."), *and Lawrence*, 2019 WL 5541378, at *7 (finding that, because defendants did not disclose the names of all relevant employees until September 20, 2019, plaintiff "was not dilatory" in seeking to amend her complaint two weeks later to join one of the nondiverse defendants recently identified),

*with Neely v. Scottsdale Ins. Co.*, 2014 WL 1572441, at *6 (E.D. La. Apr. 17, 2014) (concluding that, because "no new information had been acquired by deposition or discovery that changed the factual information [plaintiff] had before filing suit," plaintiff failed to provide a "good reason, other than a shift of strategy which would destroy this Court's diversity jurisdiction, for waiting nearly eight months to seek leave to add these defendants").

Because Brown sought to join Lemieux over three months after filing suit and one month after removal, and because she does not come forward with any reasonable justification for the delay,[48] this factor weighs against permitting his joinder.

### 3. Whether Brown will be significantly injured if amendment is not allowed.

"In weighing whether a plaintiff would be significantly injured, courts consider whether a plaintiff can be afforded complete relief without the amendment, and whether plaintiff 'could recover against the proposed nondiverse defendants.'" *Shargian*, 591 F. Supp. 3d at 114 (alteration omitted) (quoting *Gallegos v. Safeco Ins. Co. of Ind.*, 2009 WL 4730570, at *5 (S.D. Tex. Dec. 7, 2009)). "Courts also consider whether the plaintiff will be forced to litigate its claim against the non-diverse defendants in a different court system." *Id.* (citing *Loewe v. Singh*, 2010 WL 3359525, at *3 (S.D. Tex. Aug. 23, 2010))

As found above, Brown has not stated a valid claim against Lemieux, so denying his joinder would not significantly injure her. But even if she had stated a valid claim against Lemieux, denying his joinder would still not significantly injure her because Lemieux's employer is joined

---

[48] Brown argues that she was not dilatory in seeking the amendment because the amendment was filed in response to Defendants' motion to dismiss. In the motion to dismiss, Defendants largely argued that Brown failed to state a claim because she alleged that S.A.S. was an invitee on the property but, under Louisiana law, there is no duty to control or warn against criminal acts against third persons unless a special relationship exists. R. Doc. 8-1 at 4-6. Defendants also argued that, although Brown alleged that the Defendants had or assumed a duty to provide security, Brown failed to state "*for whom* the Defendants provided security or should have provided security" or "that the Defendants either told or otherwise informed S.A.S. that there would be security at the subject apartment complex specifically for his benefit." *Id.* at 6 (emphasis in original). Adding Lemieux as a defendant does not address these concerns.

in this action and may be held vicariously liable for his actions taken within the scope of his employment under the theory of *respondeat superior*. And here, Brown does not allege that Lemieux acted outside the scope of his employment.[49] Accordingly, Lemieux's presence in this matter is not necessary for Brown to obtain complete relief. *See, e.g.*, *Ellsworth*, 2003 WL 21783304, at *3 (holding that since the proposed-defendant's employer was joined in the action and plaintiff had not alleged that the employee acted outside the scope of his employment, the plaintiff "ha[d] nothing to gain by joining" the employee); *McIntosh*, 2019 WL 2373145, at *5 (concluding that the proposed-defendant's joinder was not necessary for plaintiff to obtain complete relief since his employer could be held responsible via the doctrine of *respondeat superior*). Thus, notwithstanding Brown's arguments to the contrary, denying Lemieux's joinder would not force Brown to pursue parallel litigation in state court. As Lemieux's presence is not necessary in this matter, the third *Hensgens* factor weighs against permitting his joinder.

### 4. Any other factors bearing on equities.

Under the fourth *Hensgens* factor, the Court must consider any other factors bearing on the equities of permitting the amendment. The only factors raised by the parties are that Defendants have a compelling interest in retaining this federal forum[50] and denying Lemieux's joinder would force her to pursue parallel litigation in state court,[51] which, as discussed above, is not the case. "'Although equitable factors include whether granting leave to amend would deprive a defendant of a properly invoked federal forum and ... result in parallel state court proceedings ... these factors

---

[49] Not only does Brown fail to allege in the complaint that Lemieux acted outside the scope of his employment, but she also fails to make such an argument in her briefing. In opposition to the motion to strike, she merely states that "[i]f [Lemieux's] actions deviated from his employment duties to an extent that the Defendants cannot be held liable, Plaintiffs must be allowed to maintain an action against him personally." R. Doc. 19 at 3. As in *Ellsworth*, "the Court regards this as a mere statement of the law, not meant as an allegation that [Brown] would or even could support." 2003 WL 21783304, at *3 n.8.

[50] R. Doc. 22 at 9-10.

[51] R. Doc. 19 at 4.

are likely to be present whenever a plaintiff in a removed case seeks to add a nondiverse defendant.'" *Ward*, 2024 WL 1435150, at *6 (quoting *Gallegos*, 2009 WL 4730570, at *5). Because these equitable factors are present in most cases and neither party points to additional equitable factors, the fourth *Hensgens* factors weighs neutral.

Upon consideration of the *Hensgens* factors, three factors weigh against permitting the joinder of Lemieux and one is neutral. As a result, Lemieux's joinder must be denied, and any allegation of his liability must be stricken. Because the Defendants do not seek to have the fictitious ABC Property Management Company stricken from the third amended complaint, the Court will not strike it at this juncture.[52]

## IV. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Defendants' motion to strike (R. Doc. 17) is GRANTED IN PART and DENIED IN PART. All sections of the complaint adding Candren Lemieux as a defendant are STRICKEN from the third amended complaint. All other allegations and claims remain.

IT IS FURTHER ORDERED that Brown's motion for leave to file amended complaint (R. Doc. 18) is GRANTED, except that certain parts of the amended complaint are stricken as stated above.

New Orleans, Louisiana, this 22nd day of August, 2024.

                                              BARRY W. ASHE
                                              UNITED STATES DISTRICT JUDGE

---

[52] Nevertheless, the result is inconsequential, as the allegation concerning ABC Property Management Company merely expresses Brown's intention to add the property management company once it is identified, and as "the citizenship of defendants sued under fictitious names shall be disregarded" for purposes of determining whether diversity jurisdiction exists. 28 U.S.C. § 1441(b)(1).

15